IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROGER EUGENE SAPP,

  Plaintiff,

vs.              CIVIL ACTION NO.: CV605-118

KAISEY FLEMING; TRAVIS
SANDERS, and WILLIAM
AUSTIN,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action under 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Austin escorted him to the showers. Plaintiff asserts that he was handcuffed and that Defendant Austin led him to an area where there was water on the floor. Plaintiff alleges that he slipped on the water because Defendant Austin was not doing his job properly. Plaintiff also alleges that he suffered physical injuries as a result of this slip and that Defendant Sanders denied Plaintiff medical care. Plaintiff avers that he filed a grievance, and the response was that he slipped in water and that he was seen by medical the next day. (Compl., p. 3.) Plaintiff also avers that he did not file an appeal to the highest level possible. (Compl., p. 4.)

42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In <u>Porter v. Nussle</u>, 534 U.S.

2

516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. at 523, 122 S. Ct. at 987. It is not the role of the courts to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Rather, the concern is what remedies were available and whether the inmate pursued these prior to filing his suit in federal court. Id.

It appears that Plaintiff has not pursued all available administrative remedies. Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 6th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE